Roger G. MENCHACA, Appellant,

v.

The STATE of Texas, Appellee.

No. 37182.

Court of Criminal Appeals of Texas.

Oct. 28, 1964.

No attorney of record on appeal for appellant.

James E. Barlow, Dist. Atty., John G. Benavides, Raymond A. Wietzel and Earl C. Hill, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is Robbery with Firearms reduced on motion of the State to the lesser included offense of Robbery by Assault. Upon a verdict of the jury the punishment assessed was 30 years in the State Penitentiary.

The evidence of this case shows that on May 1, 1962, Mrs. Olivia Delanglade was a grocery checker and cashier at Frank Davila's Food Market, located at 1102 El Paso Street, San Antonio, Bexar County, Texas. The facts further show that Mrs. Delanglade was on that date and location checking groceries at about 8:00 P.M. After first identifying appellant as Roger G. Menchaca, and as one and the same person who held her up, she stated her attention was specifically called to him as he made some motion to, or signal to, another individual in the store. The other individual was shown by Mrs. Delanglade to be Eugene Reyes. Noticing the signal made by appellant, she turned around to see to whom he made the signal. She noticed Eugene Reyes remove a big dark gun from his pocket and put it in his waist. He then stood very close to Mrs. Delanglade's husband, who was also in the store, and who is an invalid. Mrs. Delanglade became uneasy but continued to check the appellant's groceries and when she finished the last item, she turned to appellant. Appellant pointed a gun at her and ordered her to "*open up*"; then appellant stuck his gun up to her chest and took the money from the cash register. While this was being done Mrs. Delanglade signaled another employee in the store, and co-defendant, Eugene Reyes, pulled his gun on this employee and ordered him to stay where he was, and then turned his gun on Mrs. Delanglade *and ordered her not to move.* Appellant then demanded that she open the cash box which was under the bottom of the counter holding the cash register and appellant also took the money therefrom, and while so doing stuck the gun this time into her waist.

Mrs. Delanglade testified that she was frightened for her life, and was afraid appellant would have killed her if she did not give him the money, and she was also afraid to call her husband for fear the other party, Eugene Reyes, would have killed him. There was about Four Hundred ($400.00) Dollars taken in the holdup and the money was placed in a bag of potatoes by appellant who backed out of the store with the gun in his hand ordering

everyone to *"stay where you are."* Mrs. Delanglade further testified that she picked appellant's picture out of a mug book at the San Antonio Police Department and also that of his co-principal, Eugene Reyes. Then in November, 1963, she picked both Eugene Reyes and appellant from a police line-up at San Antonio Police Department.

On cross-examination Mrs. Delanglade re-affirmed her positive identification of the appellant.

The witness, Macedonio Estrada, testified that he was the grocery stock boy at Frank Davila's Grocery store on May 1, 1962, and at about 8:00 P.M. that date he was aiding Mrs. Delanglade in sacking groceries. He identified and pointed out appellant as the person who held up the store on May 1, 1962, and further testified substantially to the same facts as did Mrs. Delanglade. Mr. R. G. Beckman testified that he was a deputy sheriff for Bexar County, Texas, and that in October 1963 he brought appellant back to Texas from Los Angeles, California, and at that time he had a warrant for the arrest of Roger G. Menchaca and he identified and pointed out appellant as the person he brought back.

Counsel for appellant cross-examined Mrs. Delanglade and Mr. Estrada only, and offered no evidence in his behalf after the State rested. Although no affirmative evidence was presented by appellant from his cross-examination of the State's witnesses appellant implied that he was in the State of California at the time of the offense and therefore could not have committed the crime.

We find the evidence sufficient to sustain the jury's verdict.

There are no bills of exception, either formal or informal.

No exceptions or objections were taken to the Court's charge.

Appellant's counsel filed a Motion, and subsequently followed by a First Amended Motion, and then Second Amended Motion for New Trial. We have carefully examined each of the various motions and allegations contained therein. We find no merit in them.

Finding no error, the judgment is affirmed.